UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

PORTLAND DIVISION

MARICELA RAMIREZ,

                Plaintiff,

       v.                                     Case No. 3:12-cv-1472-ST

RAYMOND PETRILLO, M.D.,               FINDINGS AND
NORTHWEST RENAL CLINIC, and JOHN    RECOMMENDATIONS
DOES 1 to 100,

                Defendants.

STEWART, Magistrate Judge:

       Plaintiff, Maricela Ramirez ("Ramirez"), has filed an Application for Leave to Proceed *In Forma Pauperis* (docket #1). An examination of the Application reveals that Ramirez is unable to afford the fees of this action, and accordingly her application should be granted and no filing fee should be assessed. However, for the reasons set forth below, the Complaint should be dismissed with prejudice for lack of jurisdiction.

## ALLEGATIONS

       Ramirez, an Oregon resident, alleges two claims against defendants Raymond Petrillo, M.D., an individual and Oregon resident, Northwest Renal Clinic, a commercial business located in Oregon, and John Does 1-100. The First Cause of Action alleges medical malpractice, and the

Second Cause of Action alleges discrimination in a place of public accommodation on the basis of race.

Ramirez alleges that on August 15, 2010, because of her Mexican-American race, Dr. Petrillo and John Does 1 to 100 "negligently caused damage" to her by deliberately misdiagnosing or failing to diagnose kidney failure and deliberately denying or failing to provide adequate medical care, which resulted in permanent kidney failure.  Complaint, ¶¶ 9-10, 12. She does not allege, but the court assumes, that Dr. Petrillo works at Northwest Renal Clinic.

She also alleges that Dr. Petrillo covered up her kidney failure, as well as the gross negligence and recklessness of Alexander Chow, M.D., her former primary care physician. *Id*, ¶ 11.   On October 29, 2009, Dr. Chow gave her a prescription for Bactrim which she alleges caused damage to her kidneys, liver, gallbladder and other internal organs and worsened gastro esophageal reflux disease and laryngopharyngeal reflux disease.  *Id.*  Bactrim also caused restless leg syndrome, restless arms syndrome, hematuria and gross hematuria, confusion, disorientation, and extreme weakness.  *Id.*  Ramirez stopped taking the Bactrim on the advice of her pharmacist and reported her drug intolerance to Dr. Chow.  *Id.*  Dr. Chow instead prescribed Cipro, which Ramirez alleges caused even more damage to her kidneys, liver, gallbladder, other internal organs, and pre-existing nerve damage.  *Id.*

## STANDARDS

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."  FRCP 12(h)(3); *see also Cal. Diversified Promotions, Inc. v. Musick*, 505 F2d 278, 280 (9th Cir 1974) ("It has long been held that a judge can dismiss *sua sponte* for lack of jurisdiction.").

2 - FINDINGS AND RECOMMENDATIONS

Moreover, a complaint filed *in forma pauperis* may be dismissed at any time, including before service of process, if the court determines that:

> (A) the allegation of poverty is untrue; or
> (B) the action or appeal (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief.

28 USC § 1915(e)(2); *see also Neitzke v. Williams*, 490 US 319, 324 (1989); *Jackson v. State of Ariz.*, 885 F2d 639, 640 (9th Cir 1989).

A complaint is frivolous "where it lacks an arguable basis either in law or in fact." *Neitzke*, 490 US at 325; *Lopez v. Dep't of Health Servs.*, 939 F2d 881, 882 (9th Cir 1991); *Jackson*, 885 F2d at 640.

A court must liberally construe the allegations of a *pro se* plaintiff and afford the plaintiff the benefit of any doubt. *Lopez*, 939 F2d at 883. However, under FRCP 8(a)(2), all complaints must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must "give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 US 41, 47 (1957). This standard "does not require 'detailed factual allegations,'" but does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 US 662, 678 (2009), quoting *Bell Atl. Corp. v. Twombly*, 550 US 544, 555 (2007). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.*

In order to survive a motion to dismiss under FRCP 12(b)(6) for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Id*, quoting *Twombly*, 550 US at 570. When reviewing a complaint, the court must "accept all factual allegations in the complaint as true and construe the

pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F3d 1068, 1072 (9th Cir 2005), citing *Cervantes v. United States*, 330 F3d 1186, 1187 (9th Cir 2003).

## **FINDINGS**

Federal courts are courts of limited jurisdiction, and a case is presumed to fall outside a federal court's jurisdiction unless proven otherwise. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 US 375, 377 (1994). A district court is empowered to hear only those cases which are within the judicial power conferred by the United States Constitution and those which fall within the area of jurisdiction granted by Congress. *Richardson v. United States*, 943 F2d 1107, 1112-13 (9th Cir 1991), *cert denied*, 503 US 936 (1992).

The Complaint alleges only "injury to person or damage to personal property occurred in its jurisdictional area" (Complaint, ¶ 6), but the Civil Cover Sheet alleges federal question jurisdiction.[1] The Second Cause of Action alleges "discrimination in a place of public accommodation on the basis of race" invoking, but not naming, the Civil Rights Act, 42 USC § 2000a. Thus, Ramirez apparently is asserting original jurisdiction under 28 USC § 1331 for civil actions "arising under the Constitution, laws, or treaties of the United States."

Title II of the Civil Rights Act of 1964, 42 USC § 2000a(a), provides as follows:

> All persons shall be entitled to the full and equal enjoyment of the goods, services, facilities, privileges, advantages, and accommodations of any place of public accommodation, as defined in this section, without discrimination or segregation on the ground of race, color, religion, or national origin.

An establishment that serves the public is a place of public accommodation "if its operations affect commerce, or if discrimination or segregation by it is supported by State action." 42 USC § 2000a(b). The statute specifies those establishments which constitute places

---

[1] Because all parties are residents, and presumably citizens, of Oregon, there is no diversity jurisdiction. 28 USC § 1332.

of public accommodation and does not include medical clinics.[2]  *Id.*  Therefore, the Northwest

Renal Clinic is not a place of public accommodation.  *Verhagen v. Olarte*, No. 89 CIV 0300

(CSH), 1989 WL 146265, at *4 (SDNY Nov. 21, 1989) (plaintiff failed to state a claim for race

discrimination under 42 USC § 2000(a) against a physician who provided treatment at a clinic

maintained by a hospital).  Thus, Ramirez fails to state any claim under 42 USC § 2000a(a) over

which this court may exercise original jurisdiction.

A *pro se* litigant must be given leave to amend his or her complaint unless it appears the

deficiency cannot be cured by amendment.  *James v. Giles*, 221 F3d 1074, 1077 (9th Cir 2000)

(citations omitted).   Viewing all allegations in the Complaint as true and construing all

inferences in Ramirez's favor, it is clear that the deficiencies in the Complaint cannot be cured

by amendment.  Ramirez cannot sue a physician or a medical clinic for violation of 42 USC

§ 2000a.  Because the Complaint fails to state any claim under federal law, this court has no

subject matter jurisdiction.

///

///

///

///

---

[2]  Public accommodations are:
> (1) any inn, hotel, motel, or other establishment which provides lodging to transient guests, other
> than an establishment located within a building which contains not more than five rooms for rent
> or hire and which is actually occupied by the proprietor of such establishment as his residence;
> (2) any restaurant, cafeteria, lunchroom, lunch counter, soda fountain, or other facility principally
> engaged in selling food for consumption on the premises including, but not limited to, any such
> facility located on the premises of any retail establishment; or any gasoline station;
> (3) any motion picture house, theater, concert hall, sports arena, stadium or other place of
> exhibition or entertainment; and
> (4) any establishment (A)(i) which is physically located within the premises of any establishment
> otherwise covered by this subsection or (ii) within the premises of which is physically located any
> such covered establishment, and (B) which holds itself out as serving patrons of such covered
> establishment.

5 - FINDINGS AND RECOMMENDATIONS

## RECOMMENDATIONS

Plaintiff's Application to Proceed *In Forma Pauperis* (docket #1) should be GRANTED, and no filing fee should be assessed.   However, for the reasons set forth above, the Complaint should be DISMISSED with prejudice for lack of subject matter jurisdiction.

## SCHEDULING ORDER

The Findings and Recommendations will be referred to a district judge.  Objections, if any, are due Tuesday, September 11, 2012.  If no objections are filed, then the Findings and Recommendations will go under advisement on that date.

If objections are filed, then a response is due within 14 days after being served with a copy of the objections.  When the response is due or filed, whichever date is earlier, the Findings and Recommendations will go under advisement.

## NOTICE

This Findings and Recommendations is not an order that is immediately appealable to the Ninth Circuit Court of Appeals.  Any Notice of Appeal pursuant to Rule 4(a)(1), Federal Rules of Appellate Procedure, should not be filed until entry of a judgment.

DATED:  August 28, 2012.

s/ Janice M. Stewart
Janice M. Stewart
United States Magistrate Judge

6 - FINDINGS AND RECOMMENDATIONS